UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAMIKA HAWKINS,<br>    Plaintiff(s),<br>v.<br>ARIA RESORT & CASINO HOLDINGS, LLC, et al.,<br>    Defendant(s). | Case No. 2:23-cv-01018-JCM-NJK<br><br>**ORDER**<br><br>[Docket No. 33] |

Pending before the Court is Plaintiff's motion for leave to amend. Docket No. 33. Defendant Aria filed a response in opposition. Docket No. 38. Plaintiff filed a reply. Docket No. 39. The Court does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for leave to amend is **GRANTED**.[1]

Requests for leave to amend the pleadings filed on or before the amendment deadline are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining

---

[1] It is within a magistrate judge's authority to grant leave to amend. *Underwood v. O'Reilly Auto Enterps., LLC*, 342 F.R.D. 338, 342 n.2 (D. Nev. 2022) (collecting cases).

1

factors, there is a presumption that leave to amend should be granted. *Id.* The party opposing the amendment bears the burden of showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

Defendant Aria has not met its burden of showing that the amendment should be disallowed. Defendant opposes leave to amend on futility grounds. *See* Docket No. 38 at 3-6. Although futility can be a ground to deny leave to amend, *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), courts do not generally deny leave to amend on that ground, *Underwood*, 342 F.R.D. at 346-47. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss. *See, e.g., in re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008). The Court has not been given sufficient reason to chart a different course in this case.

Accordingly, the motion for leave to amend is **GRANTED**. Plaintiff must promptly file the proposed amended complaint on the docket and serve it. *See* Local Rule 15-1(b).

IT IS SO ORDERED.

Dated: December 27, 2023

Nancy J. Koppe
United States Magistrate Judge