# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TAMIKA HAWKINS,<br>    Plaintiff(s),<br>v.<br>ARIA RESORT AND CASINO HOLDINGS, LLC, et al.,<br>    Defendant(s). | Case No. 2:23-cv-01018-JCM-NJK<br><br>**Order**<br><br>[Docket No. 56] |

Pending before the Court is Defendants' motion to seal exhibits filed in conjunction with summary judgment motion practice. Docket No. 56; *see also* Docket Nos. 54, 55.

The Court may seal documents filed in relation to a dispositive matter upon a showing of compelling reasons. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In this case, Defendants contend that sealing is necessary to protect security information, the public disclosure of which could jeopardize safety. Docket No. 56 at 3-4. Defendants have not provided any declaration or other factual showing in support of that reasoning. *E.g.*, *Henderson v. Aria Res. & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases that argument of counsel is insufficient to establish factual basis for sealing).

Moreover and significantly, no showing has been made as to why the concerns identified cannot be addressed through redaction, rather than wholesale sealing. A request to seal must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of*

*Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material"). There appear to be not insignificant portions of the materials at issue that do not appear to reveal sensitive security information. *See, e.g.*, Docket No. 54 at 8 (copy of Plaintiff's lodging receipt).

Accordingly, the motion to seal is **DENIED** without prejudice. Any renewed motion to seal or redact these exhibits must be filed by April 30, 2024. The Clerk's Office is **INSTRUCTED** to continue maintaining the underlying papers at Docket No. 54 and Docket No. 55 under seal.

IT IS SO ORDERED.

Dated: April 23, 2024

_____
Nancy J. Koppe
United States Magistrate Judge