1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TAMIKA HAWKINS,

      Plaintiff(s),

v.

ARIA RESORT & CASINO HOLDINGS, LLC, et al.,

      Defendant(s).

Case No. 2:23-cv-01018-JCM-NJK

**ORDER**

[Docket No. 62]

      Pending before the Court is Plaintiff's motion to compel discovery.  Docket No. 62.

      There is no specific deadline enunciated in the governing rules by which to file a motion to compel; that determination is left to the exercise of judicial discretion.  *Wyles v. Sussman*, 445 F. Supp. 3d 751, 755 (C.D. Cal. 2020).  Case law in this District has long made clear that the dispositive motion deadline is generally the outer limit for filing a motion to compel.  *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999).  Motions to compel filed after that date are presumptively untimely and will be denied on that basis absent a showing of unusual circumstances.  *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019).[1]  The untimeliness of a discovery motion may be raised *sua sponte* as it implicates the Court's management of the docket and enforcement of its own orders.  *Garcia*, 332 F.R.D. at 354 n.2 (citing *Bonavito v. Nev. Prop. 1 LLC*, 2014 WL 5364077, at *4 (D. Nev. Oct. 21, 2014)).

---

    [1] "The rationale for this approach is entirely clear: discovery should be completed before moving to the merits stage of litigation and continuing to address the substance of discovery motions filed after the dispositive motion deadline would disrupt the court's management of its docket and defeat the purpose of the Scheduling Order."  *Garcia*, 332 F.R.D. at 354 (citation and internal quotations omitted).

In this case, the subject request for production was served on December 14, 2023.  *See* Docket No. 62 at 2.  The response to the request was served on January 12, 2024.  *See* Docket No. 63 at 13.  The first meet-and-confer effort on this dispute occurred on February 14, 2024, with a follow-up on March 4, 2024.  *See* Docket No. 63 at ¶ 6.  The discovery cutoff expired on March 4, 2024, and the dispositive motion deadline expired on April 3, 2024.  Docket No. 26 at 1.  And, yet, Plaintiff's motion to compel was not filed until more than a month after the dispositive motion deadline, on May 9, 2024.  The motion to compel is presumptively untimely and a showing to justify its late-filing has not been made.

Accordingly, Plaintiff's motion to compel is **DENIED** as untimely.[2]

IT IS SO ORDERED.

Dated: May 9, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] "Untimeliness is sufficient ground, standing alone, to deny a discovery motion." *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018) (quoting *Williams v. Las Vegas Metro. Police Dept.*, Case No. 2:13-cv-01340-GMN-NJK, 2015 WL 3489553, at *1 (D. Nev. June 3, 2015)).  Because the motion is denied on timeliness grounds, the Court need not opine on whether the motion is otherwise properly filed or meritorious.