UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAMIKA HAWKINS,<br><br>       Plaintiff(s),<br><br> v.<br><br>ARIA RESORT & CASINO HOLDINGS, LLC, et al.,<br><br>       Defendant(s). | Case No.2:23-CV-1018  JCM (NJK)<br><br>ORDER |

  Presently before the court is the defendants' (Aria Resort & Casino Holdings, LLC; Darina Hernandez; Sean Randall) motion to dismiss plaintiff Tamika Hawkins' amended complaint. (ECF No. 42, 48). This motion is fully briefed. (ECF Nos. 47, 51).

  Also before the court is the defendants' motion to strike certain matters in Hawkins' amended complaint, which has also been fully briefed. (ECF Nos. 43, 48, 47, 51).

  For the reasons stated below, the court grants the defendants' motions.

**I. Background**

  This case involves allegations of racial discrimination. Hawkins alleges that she was a guest at Aria Resort, and Hernandez and Randall are Aria Resort security guards. (ECF No. 41, at 2). The underlying factual allegations of the case are as follows.

  While staying at Aria Resort to celebrate a friend's birthday, Hawkins and her fiancé decided to elope. (*Id.*, at 3). They woke up early and walked through the casino to retrieve her car from the garage to purchase wedding rings. (*Id.*). In the garage, Hernandez and Randall stopped Hawkins and told her she was being investigated. (*Id.*). They told her to return to the

casino with them, where she was "forced to stand outside the security office for at least 45 minutes." (*Id.* at 3–4). Hawkins is black. (*Id.* at 3).

Hawkins brings three claims: (1) unlawful discrimination under 42 U.S.C. § 1981 against all the defendants, (2) false imprisonment against all the defendants, and (3) negligent training and supervision against Aria Resort. (*See generally id.*). She alleges that the defendants' actions caused her to suffer "fear, anxiety, humiliation, embarrassment, emotional distress, feelings of racial stigmatization, and an increased sense of vulnerability." (*Id.* at 4).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* District courts apply federal pleading standards to state law claims in federal court. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading standards to action removed from state court).

### III. Discussion

#### A. Motion to Strike

The court first addresses the defendants' motion to strike. (ECF No. 43). The defendants argue that paragraphs 23 and 39, and footnotes 1 and 2, of Hawkins' amended complaint should be stricken. (*Id.* at 15).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Courts strike such material under Rule 12(f) "to avoid the expenditure of time and money that must arise from litigating spurious issues…." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

> Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Superfluous historical allegations are a proper subject of a motion to strike.

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §

1382, at 706–07, 711 (1990), and citing *Healing v. Jones*, 174 F. Supp. 211, 220 (D. Ariz. 1959)) (internal quotation marks omitted).  "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court."  *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (*citing Fantasy, Inc.*, 984 F.2d at 1528).

The paragraphs and footnotes that the defendants wish to strike from Hawkins' amended complaint contain references to a separate, unrelated action against Aria Resort that also involves allegations of racial discrimination.  (*See* ECF No. 41).  Upon a review of the docket, that other lawsuit was settled and never decided on the merits.  (*See* Case No. 2:21-cv-00280).

Hawkins argues that this other lawsuit "is relevant to notice and has bearing on the subject matter [of this case] both legally and financially."  (ECF No. 47, at 18).  But as no factual or legal findings were made in that other lawsuit, it can not have any bearing on the dispute currently before the court.  *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 934 F. Supp. 2d 1219, 1226 (C.D. Cal. 2013) (explaining that "paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f)." (citations omitted)).

The court also finds the reasoning in *Jameson Land Company, LLC v. Mosaic Fertilizer, LLC* persuasive and adopts it here.  The other lawsuit is immaterial to the issue of damages, as Hawkins is not a party to the other lawsuit, and a punitive damages award based on a jury's "desire to punish the defendant for harming persons who are not before the court violates the due process clause."  *Jameson Land Co., LLC v. Mosaic Fertilizer, LLC*, No. 8:15-CV-409-T27-EAJ, 2016 WL 7206122, at *3 (M.D. Fla. Feb. 5, 2016) (cleaned up) (citing *Philip Morris USA v. Williams*, 549 U.S. 346, 349 (2007)).  The court therefore grants the defendants' motion to strike and ORDERS that all references to the other lawsuit are stricken from Hawkins' amended complaint.

B.      42 U.S.C. § 1981

Section 1981 prohibits race-based discrimination with respect to the "benefits, privileges, terms, and conditions of [a] contractual relationship." 42 U.S.C. § 1981(b).  It differs from claims brought under Title VII in that it requires allegations of *intentional* discrimination and arises outside of the employment context.  *See Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1144–

45 (9th Cir. 2006).  As intent is "generally impossible to prove," the plaintiff can establish her claim through the *McDonnell Douglas* burden-shifting framework.  *Id.*  Under this framework, the plaintiff has the initial burden of establishing a *prima facie* case of racial discrimination.  *Id.* at 1144.

The elements for a *prima facie* racial discrimination claim under Section 1981 are: (1) the plaintiff "is a member of a protected class," (2) she "attempted to contract for certain services," (3) she "was denied the right to contract for those services," and (4) "such services remained available to similarly situated individuals who were not members of the plaintiff's protected class." *Lindsey*, 447 F.3d at 1145; *York v. JPMorgan Chase Bank, Nat'l Ass'n*, No. cv-18-04039-PHX-SPL, 2019 WL 3802535, at *2 n. 4 (D. Ariz. Aug. 13, 2019) (collecting cases indicating that "the greater weight of Ninth Circuit authority" requires the fourth element).  The other individuals must be similarly situated to the plaintiff in "all material respects."  *Cf. Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (holding in the context of Title VII).

Hawkins alleges that Aria Resort denied her the right to contract for services by detaining her, which deprived her of her "right to peacefully use and enjoy the common areas of the [h]otel." (ECF No. 41, at 6).  While she alleges that similarly situated "white guests and invitees" to Aria Resort's properties were not treated in a similar manner, she provides *no* underlying factual allegations to support this conclusory statement.  (*Id.*).  Her complaint is almost completely devoid of specific, factual allegations.  (*See generally* ECF No. 41).

Hawkins argues that dismissal of her discrimination claim is inappropriate because "courts accept circumstantial evidence of intent in racial discrimination cases" and her allegations that she was detained—and that white guests were not treated as she was— are "assumed to be true" and support an inference of discrimination.  (ECF No. 47, at 5–6).  Hawkins misunderstands the legal standard for a 12(b)(6) motion to dismiss.

Legal conclusions and recitations of the elements of the cause of action are not entitled to the presumption of truth.  Hawkins' claims must be supported by sufficient *underlying* factual allegations, of which almost none are present in her amended complaint.  She does not adequately explain the defendants' actions infringed on her contractual rights and fails to provide *any* specific

- 5 -

1  allegations of similarly situated white guests detained under similar circumstances. Hawkins
2  essentially alleges nothing more than that she was detained for some time. Without more, the court
3  cannot find she has alleged more than the mere possibility of misconduct.

4      C.    False Imprisonment

5  "False imprisonment is a restraint of one's liberty without any sufficient cause therefore."
6  *Lerner Shops of Nev., Inc. v. Marin*, 423 P.2d 398, 400 (Nev. 1967). To establish a *prima facie*
7  case of false imprisonment, the plaintiff must allege that: (1) the defendant acted with the intent to
8  confine the plaintiff within boundaries fixed by the defendant, (2) the defendant's act directly or
9  indirectly resulted in the confinement of the plaintiff, and (3) the plaintiff was "conscious of the
10 confinement or [was] harmed by it." *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981)
11 (citing Restatement (Second) of Torts § 35 (Am. L. Inst. 1965)). "It is generally acknowledged
12 that submission to the mere verbal direction of another, unaccompanied by force or threats of any
13 character, does not constitute false imprisonment." *Lerner Shops*, 423 P.2d at 400.

14     In *Lerner Shops*, Nevada's landmark false imprisonment case, the Nevada Supreme Court
15 found no evidence of confinement when a shop manager asked the plaintiff, whom he suspected
16 of shoplifting, to return to the store with him. 423 P.2d, at 401. The court held that the plaintiff
17 "could have easily refused to accompany [the defendant] back to [the shop] but instead she went
18 willingly. There is nothing in the record to justify her contention that she was placed in fear at that
19 time. The restraint of freedom must be against the plaintiff's will and the intent to confine is an
20 essential element." *Id.*

21     Hawkins alleges in general and conclusory terms that she "reasonably believed she was
22 required to comply with the security guards' instructions [to follow them back inside the casino]
23 and that force would be used against her if she did not." (ECF No. 41, at 3–4). She further alleges
24 that she "was never told that she was free to go or to refuse to comply with the security guards'
25 instructions." (*Id.*). She argues that dismissal is not appropriate because "the question of whether
26 the perceived threat of force was reasonable or what exact words were exchanged are factual
27 questions to be examined later." (ECF No. 47, at 15).
28 . . .

- 6 -

But the court, by dismissing her false imprisonment claim under 12(b)(6), is not making a factual determination on the reasonability of her beliefs, because she has stated almost no specific factual allegations at all. She does not allege *why* she believed force would be used against her or that she could not refuse. She provides no descriptions of the guards' demeanors, appearances, words, or gestures. She does not allege that she was blocked from leaving or told that she could not leave. *Doe No. 1 v. Wynn Resorts, Ltd.*, No. 2:19-CV-01904-GMN-VCF, 2023 WL 1782439, at *19 (D. Nev. Feb. 3, 2023) (dismissing a false imprisonment claim on similar grounds). "Submission to mere verbal direction of another unaccompanied by force or threats of any character does not constitute false imprisonment." *Moen v. Las Vegas Intern. Hotel, Inc.*, 521 P.2d 370, 371 (Nev. 1974).

Hawkins has also failed to sufficiently allege, beyond a mere speculative level, that the defendants acted without legal cause to detain her. In fact, other than generic statements reciting legal conclusions, Hawkins' amended complaint is completely devoid of underlying factual allegations on this point. (*See generally* ECF No. 41). She has failed to state a claim for relief for false imprisonment. The court dismisses this claim.

D.   Negligent Training and Supervision

An employer "has a duty to use reasonable care in the training, supervision, and retention of its employees to make sure that the employees are fit for their positions." *Freeman Expositions, LLC v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 520 P.3d 803, 811 (Nev. 2022) (cleaned up) (citations omitted). To establish a claim for negligent training or supervision, a plaintiff must show: (1) that the defendant owed a duty of care to her, (2) the defendant breached that duty by not using reasonable care in training and supervising its employees to ensure that they are fit for their positions, (3) causation, and (4) damages. *Id.* 812–13 (citations omitted); *Hall v. SSF, Inc.*, 930 P.2d 94, 99 (Nev. 1996).

Hawkins' third and final claim suffers from the same defects as her other claims—it is *completely* devoid of specific, underlying factual allegations. (*See generally* ECF No. 41). Hawkins' legal conclusions and mere recitations of the elements of this claim are not entitled to the assumption of truth. Disregarding those allegations, Hawkins has soundly failed to allege

- 7 -

misconduct above a mere speculative level.

The gravamen of a negligent training claim is whether the employer (in this case, Aria Resort) caused the plaintiff's injuries by negligently managing its employees. *Freeman Expositions, LLC*, 520 P.3d 803 at 812. Hawkins has not provided the court with a single, non-conclusory, factual allegation that Aria Resort insufficiently managed its employees. The court dismisses this claim. As all claims in this case have been dismissed,[1] the court DENIES the remaining motions as MOOT. (ECF Nos. 8, 9, 53).

### E. Leave to Amend

Hawkins requests leave to amend her complaint. (ECF No. 47, at 20). Rule 15(a) provides that the court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). In the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment," amendment should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

The defendants argue that Hawkins should not be granted leave to amend as she has already amended her complaint once before, and discovery has since concluded. (ECF No. 51, at 11–12). The court disagrees. Though Hawkins previously amended her complaint, she did so to add additional parties, and before this court ruled on Aria Resort's motion to dismiss. (*See* ECF No. 33). The defendants have not provided the court with any reason to find that Hawkins acted in bad faith or with a dilatory motive. The court will accordingly grant Hawkins' request to amend her complaint.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the defendants' motion to strike (ECF No. 43) be, and the same hereby is, GRANTED.

---

[1] As the court dismisses all claims against the defendants, it makes no findings regarding Hawkins' request for punitive damages.

1    IT IS FURTHER ORDERED that the defendants' motion to dismiss (ECF No. 42) be
2 GRANTED, consistent with the foregoing.  All claims against the defendants are DISMISSED,
3 without prejudice.
4    IT IS FURTHER ORDERED that Aria's earlier-filed motions to dismiss and to strike are
5 DENIED as MOOT.  (ECF No. 8, 9).
6    IT IS FURTHER ORDERED that the defendants' motion for summary judgment is
7 DENIED as MOOT.  (ECF No. 53).
8    IT IS FURTHER ORDERED that Hawkins may have 21 days from the date of this order
9 to file a second amended complaint against the defendants.
10   DATED May 31, 2024.

_____
UNITED STATES DISTRICT JUDGE