UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAMIKA HAWKINS,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>ARIA RESORT & CASINO HOLDINGS, LLC, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No.2:23-CV-1018  JCM (NJK)<br><br>ORDER |

　　　　Presently before the court is defendants' Aria Resort & Casino Holdings, LLC's ("Aria"), Karina Hernandez, and Sean Randall's motion to dismiss. (ECF No. 75). Plaintiff Tamika Hawkins filed a response (ECF No. 80), to which defendants replied (ECF No. 83). For the reasons stated below, the court grants the defendants' motion to dismiss.

**I.　　Background**

　　　　Plaintiff brings the present action against defendant Aria and two of its employees. In 2022, plaintiff, an African American woman, checked into the Aria Hotel. (ECF No. 74). Two Aria security guards, Karina Hernandez and Sean Randall, stopped plaintiff as she was walking through the casino and informed her that she was under investigation. (*Id.*).

　　　　Hernandez and Randall escorted plaintiff to the Aria security office. Plaintiff waited outside for approximately 45 minutes until they reviewed security footage and realized plaintiff was not the person they intended to investigate. (*Id.*).

　　　　In June 2023, plaintiff filed the instant action. (ECF No. 1). The court dismissed her first amended complaint for failure to state a claim. (ECF No. 69). She then filed a second amended complaint, alleging unlawful discrimination under 42 U.S.C § 1981, false imprisonment, and

negligent training and supervision. (ECF No. 74). Defendants now move to dismiss plaintiff's second amended complaint on the same grounds. (ECF No. 75).

**II.   Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

. . .

The Ninth Circuit addressed post-Iqbal pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

District courts apply federal pleading standards to state law claims in federal court. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading standards to action removed from state court).

The court, on a motion to dismiss, is limited to the allegations contained in the complaint. *City of Los Angeles*, 250 F.3d at 688. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908.

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III. Discussion**

Plaintiff's complaint alleges three claims: (1) unlawful discrimination under 42 U.S.C § 1981, (2) false imprisonment, and (3) negligent training and supervision. The court will consider each claim individually.

A. Unlawful Discrimination – 42 U.S.C. § 1981

Section 1981 prohibits race-based discrimination with respect to the "benefits, privileges, terms, and conditions of [a] contractual relationship." 42 U.S.C. § 1981(b). It differs from claims brought under Title VII in that it requires allegations of *intentional* discrimination and arises outside of the employment context. *See Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1144—45 (9th Cir. 2006) (emphasis added). As intent is "generally impossible to prove," plaintiff can establish her claim through the *McDonnell Douglas* burden-shifting framework. *Id.* Under this framework, plaintiff has the initial burden of establishing a *prima facie* case of racial discrimination. *Id.* at 1144.

The elements for a *prima facie* racial discrimination claim under Section 1981 are: (1) plaintiff "is a member of a protected class," (2) she "attempted to contract for certain services," (3) she "was denied the right to contract for those services," and (4) "such services remained available to similarly situated individuals who were not members of the plaintiff's protected class." *Lindsey*, 447 F.3d at 1145; *York v. JPMorgan Chase Bank, Nat'l Ass'n*, 2019 WL 3802535, at *2 n. 4 (D. Ariz. Aug. 13, 2019) (collecting cases indicating that "the greater weight of Ninth Circuit authority" requires the fourth element). The other individuals must be similarly situated to plaintiff in "all material respects." *Cf. Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (holding in the context of Title VII).

Plaintiff has not adequately alleged the fourth element. In her first amended complaint, she claimed that similarly situated white guests at Aria were treated differently, but provided no underlying factual allegations supporting that conclusory statement. (ECF No. 41 at 6). The court dismissed that claim for lack of detail. (ECF No. 69 at 5).

Plaintiff's second amended complaint also fails to state a claim for unlawful discrimination. Plaintiff repeats the same conclusory statement, adding only that defendants "had a history of treating African American guests differently." (ECF No. 74 at 5—6). She does not provide specific, factual allegations of similarly situated white guests detained under similar circumstances. (*Id*. at 6). Stating a claim for discrimination requires more than the "naked assertion that someone is similarly situated" to plaintiff. *Millia Promotional Servs. v. Arizona*,

No. 23-15180, 2024 U.S. App. LEXIS 8842, at *6 (9th Cir. Apr. 12, 2024).  Without additional factual support, plaintiff does not state a cognizable claim under Section 1981.

### B. False Imprisonment

"False imprisonment is a restraint of one's liberty without any sufficient cause therefore." *Lerner Shops of Nev., Inc. v. Marin*, 423 P.2d 398, 400 (Nev. 1967).  To establish a *prima facie* case of false imprisonment, plaintiff must allege that: (1) defendant acted with the intent to confine plaintiff within boundaries fixed by defendant, (2) defendant's act directly or indirectly resulted in the confinement of plaintiff, and (3) plaintiff was "conscious of the confinement or [was] harmed by it."  *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981) (citing Restatement (Second) of Torts § 35 (Am. L. Inst. 1965)).

In *Lerner Shops*, Nevada's landmark false imprisonment case, the Nevada Supreme Court found no evidence of confinement when a shop manager asked a suspected shoplifter to return to the store with him.  423 P.2d at 401.  The court held that confinement requires a restraint of freedom against the plaintiff's will, and the intent to confine is an essential element.  *Id.*  Because the suspected shoplifter willingly went back to the store, she was not confined.  *Id.*

Here, plaintiff has not sufficiently alleged actual confinement under the *Lerner Shops* standard.  The court previously dismissed plaintiff's false imprisonment claim for the same reason. (ECF No. 69 at 6—7).  In her second amended complaint, plaintiff states that Hernandez and Randall used a "stern" tone, wore uniforms, and stood close to her.  (ECF No. 74 at 3).  This is insufficient to show confinement.

Plaintiff's voluntary compliance with defendants' instructions is the precise type of conduct that, absent allegations of force or threats, is insufficient to state a claim for false imprisonment.  *Lerner Shops*, 423 P.2d at 401 ("submission to the mere verbal direction of another, unaccompanied by force or threats of any character, does not constitute false imprisonment.").

Plaintiff argues *Henderson v. Aria Resort & Casino Holdings, LLC* is factually analogous to this case.  (ECF No. 80).  There, the allegations involved verbal threats and physical force, and are thus distinguishable from this case.  *Henderson v. Aria Resort & Casino Holdings, LLC*, No. 2:21-cv-0280-JAD-NJK, 2022 U.S. Dist. LEXIS 97463, at *12—13 (D. Nev. May 31, 2022).

1  Plaintiff's allegations are still insufficient to support a claim of unwilful confinement, as she does
2  not allege that the security guards used physical force or made any threats against her.

3      C.  Negligent Training and Supervision

4  An employer "has a duty to use reasonable care in the training, supervision, and retention
5  of its employees to make sure that the employees are fit for their positions." *Freeman Expositions,*
6  *LLC v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 520 P.3d 803, 811 (Nev. 2022) (cleaned up)
7  (citations omitted). To establish a claim for negligent training or supervision, a plaintiff must
8  show: (1) that the defendant owed a duty of care to her, (2) the defendant breached that duty by
9  not using reasonable care in training and supervising its employees to ensure that they are fit for
10 their positions, (3) causation, and (4) damages. *Id.* at 812–13 (citations omitted); *Hall v. SSF, Inc.*,
11 930 P.2d 94, 99 (Nev. 1996).

12 Plaintiff does not sufficiently allege Aria breached its duty. Plaintiffs must specifically
13 show *how* the employer violated its duty to use reasonable care in training and supervising its
14 employees. *Bielicki v. USAA Cas. Ins. Co.*, No. 2:23-cv-01362-CDS-EJY, 2024 U.S. Dist. LEXIS
15 110286, at *7 (D. Nev. June 24, 2024) (emphasis added). The court previously dismissed
16 plaintiff's claim for failing to include any such allegations. (ECF No. 69 at 7—8).

17 In her second amended complaint, plaintiff claims Aria was aware that its employees "had
18 a history of treating African American guests differently." (ECF No. 74 at 5). However, she
19 provides no specific facts related to *how* Aria breached its duty. Plaintiff's conclusory statements
20 are not entitled to the assumption of truth and thus fail to state a claim for negligent training and
21 supervision.

22 Plaintiff does not sufficiently state a claim for relief for any of her claims, and dismissal is
23 appropriate. Considering that this court previously dismissed plaintiff's claims and she amended
24 her complaint twice, plaintiff has demonstrated a "repeated failure to cure deficiencies by
25 amendments previously allowed." *Foman*, 371 U.S. at 182. Thus, the court dismisses her claims
26 with prejudice.

27
28

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 75) be, and the same hereby is, GRANTED.  Plaintiff Tamika Hawkins' claims are dismissed with prejudice.  The clerk of court is INSTRUCTED to close this case.

DATED October 28, 2024.

_____
UNITED STATES DISTRICT JUDGE